In the Matter of the Claim of ALMA AKESON, Respondent, against SALVAGE PROCESS CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board and its posthumous schedule award of compensation made to claimant as the widow of Albert Granat, deceased. Appellants raise only an issue as to claimant's status as the widow of decedent;

the question being whether the evidence justifies the board's finding of fact that at the time of decedent's death claimant was his common-law wife. For many years prior to 1933 decedent and claimant lived together continuously under circumstances which would sufficiently establish their common-law marriage except for the impediment that claimant's lawful husband, to whom she was married in Sweden in 1890, was living, and who, the evidence is, willingly surrendered her to decedent around the year 1918. During the short interim between his death and the disestablishment of a common-law marriage by chapter 606 of the Laws of 1933, decedent and claimant continued their marital-like relations until the death of decedent in 1944, during which time, although after the effective date of said statute, they openly reaffirmed it by express acknowledgment. The origin of their cohabitation and its continuance is such as to evidence their intention to enter into a marital status rather than a meretricious one. This and their conduct after the death of claimant's husband were such as to permit a reasonable inference that they contracted a common-law marriage during the period of time it was lawful to do so (*Matter of Haffner*, 254 N. Y. 238; *Gall* v. *Gall*, 114 N. Y. 109), and this we think amply sustains the board's essential finding of fact. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Heffernan, Brewster and Coon, JJ., concur; Bergan, J., dissents, and votes to reverse.